UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT GRAHAM (#99451)                                CIVIL ACTION

VERSUS

MAJ. TRENT BARTON, ET AL.                       NO.: 13-00371-BAJ-SCR

## RULING AND ORDER

On October 28, 2013, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that Plaintiff Robert Graham's action be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). (Doc. 17.) Plaintiff alleges that the Defendants failed to adequately correct a crack in the sidewalk that caused him to fall and break his ankle and leg. (*Id.* at 2.)

The Magistrate Judge's Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 17, at 1.) A review of the record indicates that Plaintiff filed a timely memorandum in

opposition to the Magistrate Judge's Report and Recommendation on October 30, 2013.[1] (Doc. 19.)

Having carefully considered the Magistrate Judge's Report, the record, and the applicable law, the Court concludes that the Magistrate Judge's Report is correct, and hereby adopts its findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report (Doc. 17) is ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that the above captioned matter is **DISMISSED**, without prejudice to any state law claim and without leave to amend, because there is no conceivable, non-frivolous federal claim Plaintiff Robert Graham could assert consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, this 9th day of December, 2013.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[1] Plaintiff's objection primarily focuses on negating the magistrate judge's conclusion that Plaintiff has alleged insufficient facts to support a claim. He asserts that he should be held to "the less stringent standards applicable to pro se litigants." (Doc. 19, at 2, citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).) He further asserts that his claim is not frivolous, and that he has alleged physical and mental suffering caused by prison officials who "kno[w] of and disregar[d] an excessive risk to inmates['] health or safety, which would entitle Plaintiff to relief." (Doc. 19. at 2-3.) However, this Court finds Plaintiff's contentions to be unavailing. The Court takes no position on the severity of Plaintiff's injuries. Nevertheless, he has not alleged sufficient facts connecting *these* Defendants with the injury, nor has he alleged how his injuries are the direct result of a particular action or inaction of *these* Defendants. Thus, Plaintiff's claim is not actionable within this Court's jurisdiction.